**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2523
_____

JOHN SEITZ, IV; HICKORY HILL GROUP II, LLC,
Appellants

v.

EAST NOTTINGHAM TOWNSHIP; EAST NOTTINGHAM TOWNSHIP
BOARD OF SUPERVISORS; WINIFRED MORAN SEBASTIAN, Esq.,
in her official and individual capacity; MARK A. DEIMLER, P.E., in his
official and individual capacity; PAMELA J. SCHEESE, in her official
and individual capacity; PATRICIA BRADY, in her official and individual
capacity; WILLIAM WEAVER, in his official and individual capacity;
SCOTT BLUM; ART REICK, in his official and individual capacity;
SHELLY MCLEOD MEADOWCROFT, in her official and individual capacity

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2:16-cv-04130)
District Judge: Honorable Gerald A. McHugh
_____

Submitted under Third Circuit L.A.R. 34.1(a)
on June 13, 2025

Before: CHAGARES, *Chief Judge*, PORTER, and AMBRO, *Circuit Judges*

(Opinion Filed: June 18, 2025)

AMBRO, *Circuit Judge*

John Seitz IV and his company, Hickory Hill Group II, LLC, claim that East Nottingham Township and several of its officials violated their substantive due-process rights by entering their property to remove a barricade from a gravel path. The Township responds that the gravel path was a public road and had been for decades. The District Court entered summary judgment for the Township on the ground that its conduct did not shock the conscience—the standard for proving a substantive due-process claim. In the Court's view, the undisputed record evidence showed that the Township had reason to believe that the gravel path was a public road—at least enough reason to conclude that its conduct was not conscience-shocking as a matter of law. We agree and thus affirm the District Court's ruling.

## I. SEITZ BOUGHT A PLOT OF LAND AND THE TOWNSHIP TREATED PART OF IT AS A PUBLIC ROAD.

We begin by identifying the dramatis personae because several names differ only by a Roman numeral. John Seitz III created Hickory Hill Group II, LLC to correct a defect in the formation of his initial company, Hickory Hill Group, LLC. Seitz III's son, John Seitz IV, assumed control of Hickory Hill Group II when his father died in 2020. Hickory Hill Group II and John Seitz IV were substituted as the plaintiffs in April 2024. To spare

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

the reader, we refer to the appellants—Seitz IV and Hickory Hill Group II together—simply as "Seitz."

The first Hickory Hill Group bought 1041 Hickory Hill Road in February 2014. Hickory's principal at the time was Seitz III, who moved his manufacturing business to the new property shortly after buying it. The plot is triangular, bordered on the north by Oxford Road and on the south by Hickory Hill Road. A gravel accessway around 250-feet long runs between Oxford Road and Hickory Hill Road, along the property's eastern edge. That gravel path continues from Fulton Road, a paved public right-of-way.



In August 2014, the Township sent Seitz III a letter instructing him to remove a barricade he had placed on the gravel path. It claimed that the path was a public road

maintained by the local government. Seitz III refused to take down the barricade, so the Township entered the property and removed it.

About two years after receiving the letter, Seitz III and Hickory Hill Group sued the Township and several of its officials for violating their civil, First Amendment, and substantive due-process rights. The Township moved to dismiss, and the District Court granted the motion except as to the substantive due-process claim. After some discovery, the Township moved for summary judgment on that remaining claim. Rather than immediately resolving that motion, however, the District Court placed the case in civil suspense so that the parties could first litigate their underlying property interests in Pennsylvania state court.

Seitz III began that state-court litigation by filing a complaint in ejectment in the Chester County Court of Common Pleas. After full discovery and trial, that court found that the gravel path was a public road by common-law and statutory prescription and had been since the 1960s. In reaching that conclusion, it noted that:

- several witnesses had testified to their public use of the road for decades;
- the former owner of the property had "blocked off the entrances, which [would be] illogical if the public was not using the [gravel path] to travel between Oxford Road and Hickory [Hill] Road," App. 223;
- the Township Board of Supervisors had recognized the gravel path as a public road in 1992 by adding it to the Township's Liquid Fuels road mileage chart;
- the Township had sometimes maintained the road, including by dropping off a load of gravel in 1973; and
- the Township had recognized the path as a public road in two additional ordinances in 1999 and 2003.

Seitz III appealed the decision on the ground that the state court had failed to join an indispensable party.

4

With a state-court decision addressing the underlying property interest in hand, the District Court removed the case from civil suspense and granted the parties leave to file supplemental briefing on the pending motion for summary judgment. It reviewed those filings and then entered summary judgment for the Township. Seitz timely appealed.

## II.    JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction over this case under 28 U.S.C. § 1331. We have jurisdiction to review the District Court's final order under 28 U.S.C. § 1291. We review orders granting summary judgment de novo, *Torres v. McLaughlin*, 163 F.3d 169, 170 (3d Cir. 1998), and apply the same test as did the District, *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976). Finally, we review that Court's "refusal to delay its ruling on [a] summary judgment motion under the deferential abuse of discretion standard." *Renchenski v. Williams*, 622 F.3d 315, 339 (3d Cir. 2010).

## III.   THE DISTRICT COURT PROPERLY ENTERED SUMMARY JUDGMENT FOR THE TOWNSHIP.

Seitz makes two main arguments on appeal. First, he contends that the District Court erroneously concluded that the Township's treatment of the gravel path as a public road was not conscience-shocking. Second, he claims that the District Court abused its discretion by declining to afford him additional discovery before ruling on the Township's summary-judgment motion. We consider each argument in turn.

### A.    The Township's Treatment of the Gravel Path Does Not Shock the Conscience.

"To establish a substantive due process claim, a plaintiff must prove the particular interest at issue is protected by the substantive due process clause and the government's

5

deprivation of that protected interest shocks the conscience." *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008). "[O]wnership is a property interest worthy of substantive due process protection." *Id.* (internal quotation marks omitted).

Seitz argues that he has a property interest in the gravel path because it is, in his view, an unencumbered portion of 1041 Hickory Hill Road. And he contends that the Township's treatment of that path as a public road shocks the conscience. Seitz acknowledges that the Court of Common Pleas has held that the gravel path was a public road by prescription and has been since before he owned the property. But that decision is of no moment in his view because he is appealing it and, in any event, converting a private road into a public one by prescription may still be a conscience-shocking "virtual taking."

"The 'shocks the conscience' standard encompasses 'only the most egregious official conduct.'" *United Artists Theatre Cir., Inc. v. Twp. of Warrington*, 316 F.3d 392, 400 (3d Cir. 2003) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 845–46 (1998)). In land-use cases, we have considered corruption, self-dealing, intentional interference with a constitutionally protected activity, and bias against an ethnic or racial group to be examples of conscience-shocking behavior. *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 286 (3d Cir. 2004). These examples are not exhaustive, and what counts as conscience-shocking "varies depending on the factual context." *Id.* at 285 (quoting *United Artists*, 316 F.3d at 400). "What is clear," however, "is that this test is designed to avoid converting federal courts into super zoning tribunals." *Id.*

We need not address the first element of Seitz's substantive due-process claim— whether he ever had a property interest in the gravel path to begin with—because the

Township's behavior does not shock the conscience. We see no evidence in the record from which a reasonable jury could find that racial invidiousness, corruption, or self-dealing motivated the Township to treat the gravel path as a public road, nor does Seitz point to any.

Instead, he seizes on our passing reference to a "virtual taking" in *Eichenlaub*, and claims that acquiring property by prescription might just count as one. But Seitz makes too much of that language. In context, we were distinguishing the Fifth Circuit's decision in *Conroe Creosoting Co. v. Montgomery County*, 249 F.3d 337 (5th Cir. 2001), which involved what we off-handedly called a "virtual taking." Even a cursory review of *Conroe*, however, reveals that it is far removed from the facts of our case. The plaintiff there claimed that the county's tax assessor fraudulently converted a tax levy for a $75,000 deficiency into an unlawful seizure and forced sale, thus destroying the plaintiff's business. *Id.* at 339. The Fifth Circuit held that genuine issues of material fact remained over whether the defendant (1) had chosen his friends to be the auctioneers, (2) told state authorities about the sale, (3) signed a false affidavit supporting a tax warrant, and (4) unlawfully authorized the "complete dispersal" of the company's assets. *Id.* at 342. Seitz here points to no evidence showing anything approaching that level of "clearly unjustified" abuse of power. *Lewis*, 523 U.S. at 840.

If anything, *Eichenlaub* cuts against Seitz. The landowners there alleged that the township applied land-use requirements inconsistently, pursued "unannounced and unnecessary inspection and enforcement actions," delayed permits and approvals, increased tax assessments, and "maligned and muzzled [them]." *Eichenlaub*, 385 F.3d at 286. Despite all

7

that, we still held that the township's alleged conduct, even if unlawful, was "no virtual 'taking' as in *Conroe*.'" *Id.*

We decline Seitz's invitation to constitutionalize garden-variety land-use disputes. If he is ultimately right that the gravel path is not a public road and that the Township trespassed in removing the barricade, then he may be entitled to some remedy. But that "remedy is not provided by the Federal Constitution's substantive due process clause." *Whittaker v. Cnty. of Lawrence*, 437 F. App'x 105, 109 (3d Cir. 2011).

**B.** **The District Court Did Not Abuse Its Discretion in Denying Seitz's Request for More Discovery.**

Seitz also argues that the District Court abused its discretion by ruling on the Township's summary-judgment motion without first affording him additional discovery. Federal Rule of Civil Procedure 56(d) gives district courts discretion to defer ruling on a summary-judgment motion when the nonmovant seeks more discovery. But to get that extra discovery, the nonmovant must "identify with specificity what particular information" he seeks, how that information "would preclude summary judgment," and why he has not already obtained it. *Lunderstadt v. Colafella*, 885 F.2d 66, 71 (3d Cir. 1989) (internal quotation marks omitted).

By any measure, Seitz had plenty of discovery. The District Court ordered the parties to produce all documents relating to whether the gravel path was a public right-of-way. And the parties had full discovery into their property interests in the gravel path before the state-court trial. That discovery included witness testimony, depositions, Township records, and aerial images.

In his affidavit, Seitz claimed that he needed more discovery because he believed the Township was harassing him. His counsel submitted a similar affidavit stating that extra discovery would "uncover information regarding Township actions and motivations that support Plaintiffs' claims." App. 416. But these allegations are conclusory; they do not "identify with specificity what particular information" Seitz sought. *Lunderstadt*, 885 F.2d at 71 (internal quotation marks omitted). The District Court's decision not to defer ruling on the Township's summary-judgment motion was thus within its discretion.

\* \* \*

Conscience-shocking behavior is "most egregious," "clearly unjustified," and, well, shocking. Treating a gravel path as a public road, even mistakenly, does not rise to that level. Our admonition that we are not a "zoning board of appeals," *United Artists*, 316 F.3d at 402 (internal quotation marks omitted), applies with equal force to run-of-the-mill disputes over easements. We thus affirm the District Court's decision.